53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kyung Hwan MUN, Defendant-Appellant.
 No. 94-3361.
 (D.C. No. 94-CR-30001).
 United States Court of Appeals, Tenth Circuit.
 April 26, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 MOORE, Circuit Judge.
 
 
 1
 Neither party has requested oral argument, and after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is a direct appeal from a conviction of unlawfully possessing a homemade knife by the defendant who was an inmate at USP Leavenworth. The sole issue on appeal is whether the district court erred when it refused to permit a defense witness to testify about the veracity of the government's case.
 
 
 3
 Defendant asserts the issue of credibility is essential because only one witness, a guard, was able to connect defendant to the knife. He offered Benjamin Thomas Tisdale, another Leavenworth inmate, to establish the guard had a reputation among inmates as a liar.
 
 
 4
 At a hearing outside the presence of the jury, defense counsel attempted to establish a foundation for Mr. Tisdale's knowledge of the guard's reputation. Mr. Tisdale was asked whether he was aware of the guard's reputation "in the prison for truthfulness or untruthfulness." Mr. Tisdale responded he was, and when asked what that reputation was, the court sustained the government's objection for lack of foundation. Counsel then attempted to lay a foundation, but limited his questioning to whether Tisdale had his own opinion. Because he did, Tisdale was then asked the basis of that opinion. He responded the guard "planted evidence in my cell ... to make himself look good." Counsel then attempted to have Mr. Tisdale state the guard had planted evidence on others, but that issue was foreclosed when further testimony developed Tisdale's knowledge was based on hearsay. Further attempts were made to ostensibly lay a foundation, but without success.
 
 
 5
 In short, then, no foundation was ever laid to show Mr. Tisdale was acquainted with the guard's reputation for truth and veracity. In this appeal, counsel take great pains to argue over general issues relating to reputation and opinion and the admissibility of both, but two seminal issues get lost in the discussion.
 
 
 6
 First, there was no evidentiary basis offered to show Mr. Tisdale knew of the guard's reputation. After soliciting an answer Tisdale knew of that reputation, the proper line of questioning was abandoned, and the witness was asked to focus on specific acts that at best could be described as bad character. Second, and perhaps most telling, because the admission of reputation testimony is governed by the trial court's exercise of discretion, defendant has made no effort to show how the court abused that discretion. Both of these failures are fatal to defendant's cause.
 
 
 7
 Assuming for the sake of argument a prison guard's reputation for veracity among the prisoners is probative evidence of his credibility, an interesting question itself, there must still be a foundation for that testimony. Mr. Tisdale's own opinion of that reputation is not sufficient. Deschenes v. United States, 224 F.2d 688, 691 (10th Cir.1955). Indeed, the witness must have knowledge of how others within the community of the impeachee regard his reputation for truth. Cooper v. Asplundh Tree Expert Co., 836 F.2d 1544, 1552 (10th Cir.1988). The record being bare of any effort to produce the basis for Mr. Tisdale's claim of knowledge of the guard's reputation for truth among the prisoner community, he failed to meet the threshold for introduction of such evidence.
 
 
 8
 Defendant, relying upon Fed.R.Evid. 608(a), contends it was proper for Mr. Tisdale to state his opinion of the guard's veracity. Indeed, he asked that question, and the answer was stricken because there had been no foundation laid for the response. Although he subsequently laid that foundation, counsel never restated his question, and Mr. Tisdale was not again asked to offer his opinion. As a result, there is no basis for his argument that the district court failed to follow the dictates of Rule 608(a).
 
 
 9
 Assuming defendant could overcome those hurdles, he has still fallen short of the mark. In the last analysis, admissibility of evidence of reputation for truth and veracity is left to the sound discretion of the district court. United States v. Bedonie, 913 F.2d 782, 802 (10th Cir.1990), cert. denied, 501 U.S. 1253 (1991). Given defendant's failure to establish a necessary foundation, coupled with the fact the witness himself was impeachable because of his own felony conviction, we have difficulty seeing how the district court abused its discretion here. Although there are additional reasons for concluding no error was committed, these are ample for this appeal.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470